**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| ROSEMARY TEFFT, Individually and for Others Similarly Situated<br><br>v.<br><br>INTEGRITUS HEALTHCARE, INC. f/k/a BERKSHIRE HEALTHCARE SYSTEMS, INC. | **Case No. ________________**<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |
|---|---|

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Rosemary Tefft (Tefft) brings this class and collective action to recover unpaid overtime and other damages from Integritus Healthcare, Inc. f/k/a Berkshire Healthcare Systems, Inc. (Integritus).

2. Tefft worked for Integritus as a Licensed Practice Nurse (LPN) in Greenfield, Massachusetts.

3. Like the Putative Class Members (as defined below), Tefft regularly worked more than 40 hours in a week.

4. But Integritus did not pay them for all the hours they worked.

5. Instead, Integritus automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6. Tefft and the Putative Class Members were thus not paid for that time.

7. But Integritus failed to provide Tefft and the Putative Class Members with *bona fide* meal breaks.

8. Instead, Integritus required Tefft and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions, including during their unpaid "meal breaks."

9. Integritus's auto-deduction policy violates the Fair Labor Standards Act (FLSA) and the Massachusetts wage laws by depriving Tefft and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

12. This Court has general personal jurisdiction over Integritus because Integritus is domestic corporation headquartered in Pittsfield, Massachusetts.

13. Venue is proper because Integritus maintains its headquarters in Pittsfield, Massachusetts. 28 U.S.C. § 1391(b)(1).

## PARTIES

14. Tefft worked for Integritus as an LPN at several nursing homes, including Integritus's Charlene Manor Extended Care Facility in Greenfield, Massachusetts, from approximately May 2017 until February 2022.

15. Throughout her employment, Integritus classified Tefft as non-exempt and paid her on an hourly basis.

16. But Integritus subjected Tefft to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

17. Tefft's written consent is attached as **Exhibit 1**.

18. Tefft brings this action on behalf of herself and other similarly situated hourly, non-exempt Integritus employees who were subject to Integritus's automatic meal break deduction policy.

19. Integritus uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including during their unpaid "meal breaks."

20. Integritus uniformly denies all these employees of wages (including overtime) for all hours worked, including those in excess of 40 hours in a workweek in violation of the FLSA and/or Massachusetts wage laws.

21. The FLSA Collective of similarly situated employees is defined as:

> **All hourly, non-exempt Integritus[1] employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective Members" or "FLSA Collective").**

22. Tefft also seeks to represent such a class under the Massachusetts wage laws pursuant to FED. R. CIV. P. 23.

23. The Massachusetts Class is defined as:

> **All hourly, non-exempt Integritus[2] employees who received an automatic meal period deduction while working in Massachusetts at any time during the past 3 years ("Massachusetts Class Members" or "Massachusetts Class").**

24. The FLSA Collective Members and Massachusetts Class Members are collectively referred to as the "Putative Class Members."

25. Integritus is a maintains its headquarters in Pittsfield, Massachusetts.

26. Integritus may be served with process by serving its President: **Darlene Rodowicz, 725 North Street, Pittsfield, MA 01201.**

---

[1] The FLSA Collective expressly includes any hourly non-exempt employees who worked for Berkshire Healthcare Systems, Inc. prior to its August 2022 rebranding to Integritus.

[2] The Massachusetts Class expressly includes any hourly non-exempt employees who worked for Berkshire Healthcare Systems, Inc. prior to its August 2022 rebranding to Integritus.

## COVERAGE UNDER THE FLSA

27. At all relevant times, Integritus was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all relevant times, Integritus, as a hospital network and institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

29. At all relevant times, Integritus was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because Integritus, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

30. Integritus uniformly deducted 30 minutes/shift from Tefft and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

31. As a result, Integritus failed to pay Tefft and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

32. Integritus's automatic meal break deduction policy, which deprives Tefft and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

33. Integritus is a "provider of post-acute care, long-term healthcare, and senior housing" throughout Massachusetts.[3]

[3] https://integritushealthcare.org/who-we-are/ (last visited April 3, 2023).

34. Integritus employs patient care workers, including Tefft and the Putative Class Members, to provide patient care services and treat the patients in its various facilities.

35. Integritus uniformly classifies these employees as non-exempt and pays them on an hourly basis.

36. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

37. For example, Tefft worked for Integritus as an LPN at several Integritus nursing homes including Charlene Manor Extended Care Facility in Greenfield, MA, from approximately May 2017 until February 2022.

38. As an LPN, Tefft's primary responsibilities included facilitating patient care and providing patients with essential care such as, bathing patients, dressing patients, feeding patients, turning patients, etc.

39. Throughout her employment, Integritus classified Tefft as non-exempt and paid her on an hourly basis.

40. Throughout her employment, Integritus subjected Tefft to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

41. Tefft and the Putative Class Members performed their jobs under Integritus's supervision, and using materials, equipment, and technology approved and supplied by Integritus.

42. Integritus requires Tefft and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

43. At the end of each pay period, Tefft and the Putative Class Members received wages from Integritus that were determined by common systems and methods that Integritus selected and controlled.

44. Integritus requires its hourly, non-exempt employees, including Tefft and the Putative Class Members, to record their hours worked using Integritus's timeclock system.

45. Further, Integritus subjects its hourly, non-exempt employees, including Tefft and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

46. Specifically, Integritus automatically deducts 30 minutes from Tefft and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

47. But Integritus fails to provide Tefft and the Putative Class Members with *bona fide* meal periods.

48. Instead, Integritus requires Tefft and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

49. This unpaid time is compensable under the FLSA and Massachusetts wage laws, because Integritus knew, or should have known, that (1) Tefft and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they were not completely relieved of all duties, (4) they entirely skipped the meal period due to work demands, and/or (5) the meal period was less than 30 consecutive minutes.

50. Integritus failed to exercise its duty to ensure Tefft and the Putative Class Members were not performing work that Integritus did not want performed during their unpaid "meal breaks."

51. Despite accepting the benefits, Integritus did not pay Tefft and the Putative Class Members for the compensable work they performed during their "meal breaks."

52. Thus, under Integritus's uniform automatic meal break deduction policy, Tefft and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they work in excess of 40 hours in violation of the FLSA.

53. Likewise, under Integritus's uniform automatic meal break deduction policy, Tefft and the Massachusetts Class Members are denied "straight time" pay for those on-duty "meal breaks" in workweek in which they work fewer than 40 hours in violation of Massachusetts wage laws.

54. Integritus knows Tefft and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Integritus expects and requires these employees to do so.

55. But Integritus does not pay Tefft and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA and/or Massachusetts wage laws.

56. Integritus worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

57. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

58. Indeed, Integritus typically schedules Tefft and the Putative Class Members to work 12-hour shifts for at least 3 days a week, but Tefft and the Putative Class Members typically worked additional 12-hours shifts due to the facility being short staffed.

59. And Tefft and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" to complete their job duties and patient care responsibilities.

60. As a result, Tefft and the Putative Class Members work in excess of 40 hours in a typical workweek.

61. When Tefft and the Putative Class Members worked more than 40 hours in a workweek, Integritus did not pay them overtime for all overtime hours worked due to Integritus's failure to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

62. Likewise, when Tefft and the Massachusetts Class Members worked fewer than 40 hours in a workweek, Integritus did not pay them "straight time" pay at their regular hourly rates for all hours worked because Integritus failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

63. Integritus knew, or should have known, it was subject to the FLSA and Massachusetts wage laws.

64. Integritus knew, or should have known, the FLSA requires it to pay employees, including Tefft and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

65. Integritus knew, or should have known, Massachusetts wage laws require it to pay employees, including Tefft and the Massachusetts Class Members, "straight time" pay at their regular hourly rates for all hours worked under 40 hours in a workweek.

66. Integritus knew, or should have known, Tefft and the Putative Class Members worked more than 40 hours in a week.

67. Integritus knew, or should have known, Tefft and the Putative Class Members regularly worked during their unpaid meal breaks because Integritus expected and required them to do so.

68. Integritus knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA and Massachusetts wage laws.

69. Integritus knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Tefft and the Putative Class Members of pay, including overtime compensation, in violation of the FLSA and/or Massachusetts wage laws.

70. Nonetheless, Integritus failed to pay Tefft and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

71. Likewise, Integritus failed to pay Tefft and the Massachusetts Class Members all their "straight time" wages earned at the hourly rates Integritus agreed to pay them for the work they performed for Integritus.

72. Integritus's failure to pay Tefft and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime for all overtime hours worked made in good faith.

73. Likewise, Integritus's failure to pay Tefft and the Massachusetts Class Members all their "straight time" wages for all hours worked up to 40 hours in a workweek was neither reasonable, nor was the decision not to pay these employees their "straight time" wages for all hours worked up to 40 hours in a workweek made in good faith.

## CLASS AND COLLECTIVE ALLEGATIONS

74. Tefft brings her claims as a class and collective action under the FLSA and Massachusetts wage laws.

75. The Putative Class Members were victimized by Integritus's pattern, practice, and/or policy which is in willful violation of the FLSA.

76. The Massachusetts Class Members were victimized by Integritus's pattern, practice, and/or policy which is a violation of the Massachusetts wage laws.

77. Other Putative Class Members worked with Tefft and indicated they were paid in the same manner, performed similar work, and were subject to Integritus's same automatic meal break deduction policy.

78. Based on her experiences with Integritus, Tefft is aware Integritus's illegal practices were imposed on the Putative Class Members.

79. The Putative Class Members are similarly situated in all relevant respects.

80. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

81. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

82. Rather, Putative Class is held together by Integritus's uniform automatic meal break deduction policy that systematically deprived Tefft and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

83. The Massachusetts Class Members are similarly denied "straight time" pay when they worked fewer than 40 hours in a workweek.

84. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

85. The back wages owed to Tefft and the Putative Class Members will be calculated using the same records and using the same formula.

86. Tefft's experiences are therefore typical of the experiences of the Putative Class Members.

87. Tefft has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

88. Like each Putative Class Member, Tefft has an interest in obtaining the unpaid wages and overtime wages owed under federal and/or state law.

89. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

90. Absent a class and collective action, many Putative Class Members will not obtain redress of their injuries and Integritus will reap the unjust benefits of violating the FLSA and Massachusetts wage laws.

91. Further, even if some of the Putative Class Members could afford individual litigation against Integritus, it would be unduly burdensome to the judicial system.

92. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

93. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

94. Among the common questions of law and fact are:

a. Whether Integritus engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and/or Massachusetts wage laws;

b. Whether Integritus's automatic meal break deduction policy deprived Tefft and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and/or Massachusetts wage laws;

c. Whether Integritus failed to pay Tefft and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including

hours worked during missed and interrupted meal breaks, in violation of the FLSA;

d. Whether Integritus knew, or had reason to know, Tefft and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA and/or Massachusetts wage laws;

e. Whether Integritus's violation of the FLSA and/or Massachusetts wage laws result from a continuing course of conduct; and

f. Whether Integritus's violations of the FLSA and/or Massachusetts wage laws were willful.

95. Tefft and the Putative Class Members sustained damages arising out of Integritus's illegal and uniform employment policy.

96. Tefft knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

97. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Integritus's records, and there is no detraction from the common nucleus of liability facts.

98. Therefore, the issue of damages does not preclude class or collective treatment.

99. Integritus is liable under Massachusetts wage laws for failing to pay "straight time" wages to Tefft and the Massachusetts Class Members for all hours worked under 40 hours in a workweek.

100. Integritus is liable under the FLSA for failing to pay overtime wages to Tefft and the Putative Class Members when they work more than 40 hours in workweek.

101. Consistent with Integritus's illegal automatic meal break deduction policy, Tefft and the Massachusetts Class Members were not paid "straight time" pay (at their regular hourly rates) for all hours worked when they worked fewer than 40 hours in a workweek.

102. Consistent with Integritus's illegal automatic meal break deduction policy, Tefft and the Putative Class Members were not paid the proper premium overtime compensation for all hours worked in excess of 40 hours in a workweek.

103. As part of its regular business practices, Integritus intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Massachusetts wage laws with respect to Tefft and the Putative Class Members.

104. Integritus's illegal automatic meal break deduction policy deprived Tefft and the Putative Class Members of the regular wages and premium overtime wages they are owed under federal and/or state law.

105. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

106. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

107. Those similarly situated employees are known to Integritus, are readily identifiable, and can be located through Integritus's records.

## FIRST CAUSE OF ACTION
## FLSA VIOLATIONS

108. Tefft realleges and incorporates all other paragraphs by reference.

109. Tefft brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

110. Integritus violated, and is violating, the FLSA by failing to pay Tefft and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

111. Throughout the relevant period, Integritus expected and required Tefft and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks.

112. Tefft and the Putative Class Members have been harmed as a direct and proximate result of Integritus's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Integritus derived a direct and substantial benefit.

113. Integritus knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Tefft and the Putative Class Members overtime compensation for all overtime hours worked.

114. Integritus's failure to pay Tefft and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

115. Accordingly, Tefft and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

**SECOND CAUSE OF ACTION**
**MASSACHUSETTS WAGE LAW VIOLATIONS**

116. Tefft incorporates all prior allegations contained in this Complaint.

117. Tefft brings her Massachusetts wage law claims as a class action on behalf of herself and the Massachusetts Class Members pursuant to FED. R. CIV. P 23.

118. By failing to pay Tefft and the Massachusetts Class Members regular "straight time" wages for all of their work time, Integritus violated, and is violating, the Massachusetts Wage Act, MASS. GEN. LAWS Ch. 149, §§ 148 and 150.

119. At all relevant times, Integritus was subject to the requirements of the Massachusetts wage laws.

120. At all relevant times, Integritus employed Tefft and each Massachusetts Class Member as an "employee" within the meaning of the Massachusetts wage laws.

121. The Massachusetts Wage Act, MASS. GEN. LAWS Ch. 149, §§ 148 and 150, requires employers, like Integritus, to pay employees, including Tefft and the Massachusetts Class Members at their regular "straight time" wage rate for all hours worked under and up to 40 hours in a workweek.

122. Tefft and the Massachusetts Class Members are entitled to "straight time" compensation at their regular hourly rates for all hours worked under and up to 40 hours in a workweek under Massachusetts wage laws.

123. Throughout the relevant period, Integritus expected and required Tefft and the Massachusetts Class Members to remain on-duty and be available to work during their unpaid meal breaks.

124. Tefft and the Massachusetts Class Members have been harmed as a direct and proximate result of Integritus's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Integritus derived a direct and substantial benefit.

125. Accordingly, Tefft and the Massachusetts Class Members are entitled to recover their unpaid "straight time" wages, treble damages, and attorney's fees and costs. MASS. GEN. LAWS Ch. 149, §§ 148 and 150.

**JURY DEMAND**

126. Tefft demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Tefft, individually and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. An Order designating the Massachusetts wage law claims as a class action pursuant to FED. R. CIV. P. 23;

c. An Order appointing Tefft and her counsel to represent the interests of the FLSA Collective and Massachusetts Class;

d. An Order pursuant to Section 16(b) of the FLSA finding Integritus liable for unpaid back wages due to Tefft and the FLSA Collective Members, as well as for liquidated damages in an amount equal to their unpaid compensation;

e. An Order under Massachusetts wage laws finding Integritus liable for unpaid back wages due to Tefft and the Massachusetts Class Members, as well as for treble damages ;

f. Judgment awarding Tefft and the Putative Class Members all unpaid overtime and other damages available under the FLSA and Massachusetts wage laws;

g. An Order awarding attorney's fees, costs, and expenses;

h. Pre- and post-judgment interest at the highest applicable rates; and

i. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Philip J. Gordon*

Philip J. Gordon
Mass. BBO# 630989
Kristen M. Hurley
Mass. BBO# 658237
**GORDON LAW GROUP, LLP**
585 Boylston St.
Boston, MA 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com
khurley@gordonllp.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjoesphson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

William C. (Clif) Alexander*
TX Bar No. 24064805
Austin W. Anderson*
TX Bar No. 24045189
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone
361-452-1284 – Facsimile
clif@a2xlaw.com
austin@a2xlaw.com

**Pro hac vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF & THE PUTATIVE CLASS MEMBERS**

# EXHIBIT 1

CONFIDENTIAL FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT

Print Name: Rosemary tefft

1. I hereby consent to make a claim against Integritus to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC, JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC, JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against Integritus - ________________.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: Rosemary tefft (Mar 31, 2023 07:27 EDT)    Date Signed: Mar 31, 2023